**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION**

Sherinda E. Key,                                          :         Case No. 3:10 CV 01599

    Plaintiff,                                           :

v.                                                                      :         **MAGISTRATE'S REPORT
                                                                                    AND RECOMMENDATION**

Crown Cork & Seal,                                     :

    Defendant.                                        :


This employment discrimination case was filed pursuant to 42 U. S. C. § 2000e.  Pending is Plaintiff's Motion to Set Aside Settlement (Docket No. 11) and Defendant's Opposition and Cross-Motion to Enforce Settlement (Docket No. 13).  For the reasons that follow, the Magistrate recommends that the Court deny the Motion to Set Aside Judgment and grant the Cross-Motion to Enforce Settlement.

                                      **FACTUAL & PROCEDURAL BACKGROUNDS**.

Defendant hired Plaintiff in September 2004.  Defendant terminated Plaintiff on or about December 9, 2009 (Docket No. 1, p. 2; Docket No. 2).

Plaintiff, *pro se*, filed a complaint against Defendant in this Court on July 21, 2010 (Docket No. 1).  During a status conference held on January 25, 2011, Plaintiff assured the Court that she was

willing to settle the case for the sum of $2,500 for her lost wages. The Court deferred to the parties' resolution of Plaintiff's claims for verbal and sexual harassment (Docket No. 12, pp. 2-3 of 13). The Court retained jurisdiction to enforce the terms of the settlement (Docket No. 10).

Plaintiff executed the Settlement Agreement and Release on February 8, 2011, and forwarded it to Defendant. Under the terms of the release, Plaintiff relinquished all rights to claims arising under Title VII, the American with Disabilities Act, the Age Discrimination in Employment Act and Older Worker Benefit Protection Act. She subsequently discovered that an allegedly similarly situated white male employee engaged in similar conduct, was reinstated and awarded back wages substantially exceeding Plaintiff's settlement. Plaintiff now represented by counsel, filed a pleading in which she requests that the Court set aside the settlement agreement.

### MOTION TO SET ASIDE JUDGMENT STANDARD OF REVIEW.

The Sixth Circuit has long recognized the broad, inherent authority and equitable power of a district court to enforce an agreement in settlement of litigation pending before it.... *Therma-Scan, Incorporated v. Thermoscan, Incorporated*, 217 F.3d 414, 419 -420 (6th Cir. 2000) (*citing Bostick Foundry Company v. Lindberg,* 797 F.2d 280, 282-283 (6th Cir.1986) *cert. denied,* 107 S. Ct. 953 (1987)). In *Kukla v. National Distillers Products Company,* 483 F.2d 619 (6th Cir. 1973), the Court cautioned:

> The power of a trial court to enter a judgment enforcing a settlement agreement has its basis in the policy favoring the settlement of disputes and the avoidance of costly and time-consuming litigation.... While summary enforcement of a settlement agreement may very well promote the above policy in cases where there exists no substantial dispute as to the entry into, or the terms of, the agreement, summary proceedings may result in inequities when . . . such a dispute does exist.

*Id.* at 621 (citations omitted). Thus, "[b]efore enforcing settlement, the district court must conclude that agreement has been reached on all material terms." *Id.* (*citing Brock,* 841 F.2d at 154).

**DISCUSSION.**

Plaintiff argues that she did not sign the settlement agreement knowingly and voluntarily because she learned **after** receiving the settlement agreement that a similarly situated white employee who was terminated after engaging in the exact conduct as Plaintiff was awarded approximately $30,000 in back wages. She contends that had she known these facts, she would have not signed the settlement agreement. Additionally she contends that she was disadvantaged by a lack of counsel.

Defendant argues that there is no basis to set aside the settlement agreement. When the parties enter into a settlement agreement in the presence of the court, such an agreement is tantamount to a binding contract. Neither the change of heart nor poor legal advice constitutes a ground to set the settlement aside. Plaintiff had seven days to revoke her consent. She neither consulted with counsel nor revoked her consent.

Generally, plaintiffs who knowingly and voluntarily agree to settle his or her allegations are bound by his or her agreement. *Charity v. GMAC Mortgage Investments,* 2010 WL 3648949, *6 (N. D. Ohio 2010) (*citing Wyche v. Procter & Gamble,* 772 F. Supp. 982, 984 (S. D. Ohio 1990) (*citing Alexander v. Gardner-Denver Company,* 94 S. Ct. 1011, 1022 (1974)). Consequently, a "valid [ ... ] settlement bars all right of recovery on the previously existing claim [ ... ] and, as a result, any subsequent litigation based upon it is barred." *Id.* (*citing Globe Metallurgical v. Hewelett-Packard Company,* 953 F. Supp. 876, 881 (S. D. Ohio 1994) (*citing* 15a AM. JUR.2d *Contracts* § 24), *aff'd,* 99 F.3d 1139 (6th Cir. 1996)). In Ohio, pro se litigants are "presumed to have knowledge of the law and correct legal procedure" and are held to the same standard as litigants who retain counsel. *Id.* (*citing Kilroy v. B.H. Lakeshore Company,* 111 Ohio App.3d 357, 363, 676 N.E.2d 171 (1996)). Thus, unless a settlement, or a provision of a settlement, is invalid, a *pro se* plaintiff who negotiates her or

his own settlement is bound by the terms of the settlement. *Id.* (*citing Szabo v. Lepore,* Case No. 05-MA-145, 2006 WL 1903131, at *5 (2006) (holding that the court could not "afford appellant an 'out,' so to speak, of a mutually-agreed upon settlement simply because [the plaintiff] chose to proceed with mediation pro se.") (unreported)).

In the instant case, the Court was mindful of Plaintiff's *pro se* status. Consequently, an inquiry was made during a telephone conference into her understanding of the terms of the settlement. The transcribed record from the telephone conference is evidence that Plaintiff personally accepted the terms of the agreement. She consistently stated that she understood the basis of the bargain at the time she entered into the agreement, the rights that were extinguished by the agreement and the benefits she was willing to accept after negotiating her settlement check. Plaintiff knew that she could withdraw her consent during the seven days that followed the telephone conference. She did not. Plaintiff's subsequent discovery that the amount of her settlement was well below the amount for which her former co-worker settled does not constitute significant probative evidence that her settlement agreement is invalid or that her consent to the agreement was made unknowingly and involuntarily. Neither is this discovery sufficient to overcome the presumption that she had knowledge of the law and legal procedure.

Plaintiff's claim that she did not have the benefit of counsel prior to signing the settlement agreement and release falls short of providing evidence sufficient to overcome the presumption that she had knowledge of the law or the legal procedure. Plaintiff has also failed to demonstrate as a factual matter that the lack of counsel rendered involuntary her agreement to settle.

The Magistrate finds that Plaintiff cannot rely on her discovery of new information or her lack of counsel to set aside the settlement agreement. Plaintiff is bound by the agreement.

**CONCLUSION.**

For these reasons, the Magistrate recommends that the Court deny Plaintiff's Motion to Set Aside Settlement Agreement, grant Defendant's Cross-Motion to Enforce Settlement Agreement and terminate the referral to the undersigned Magistrate.

/s/Vernelis K. Armstrong
United States Magistrate Judge

Date:  April 11, 2011

**NOTICE**

Please take notice that as of this date the Magistrate's report and recommendation attached hereto has been filed. Pursuant to Rule 72.3(b) of the LOCAL RULES FOR NORTHERN DISTRICT OF OHIO, any party may object to this report and recommendations within fourteen (14) days after being served with a copy thereof. Failure to file a timely objection within the fourteen-day period shall constitute a waiver of subsequent review, absent a showing of good cause for such failure. The objecting party shall file the written objections with the Clerk of Court, and serve on the Magistrate Judge and all parties, which shall specifically identify the portions of the proposed findings, recommendations, or report to which objection is made and the basis for such objections. Any party may respond to another party's objections within fourteen days after being served with a copy thereof.

Please note that the Sixth Circuit Court of Appeals determined in *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981) that failure to file a timely objection to a Magistrate's report and

recommendation foreclosed appeal to the court of appeals. In *Thomas v. Arn*, 106 S. Ct. 466 (1985), the Supreme Court upheld that authority of the court of appeals to condition the right of appeal on the filing of timely objections to a report and recommendation.